UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-172-H

SONJA W. HARDY                                                                                    PLAINTIFF

V.

BELLSOUTH TELECOMMUNICATIONS, INC.                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff has moved to set aside the Court's Memorandum and Order dated August 16, 2005, granting summary judgment in favor of Defendant on Plaintiff's ERISA claims. Plaintiff claims that Defendant terminated her to avoid paying severance and pension benefits, which is a violation of 29 U.S.C. § 1140 (ERISA § 510).

Plaintiff argues that Defendant did not terminate her for unauthorized absences, but rather due to absences generally.[1] That being the case, she argues that she is entitled to severance benefits. Plaintiff argues that even though Defendant may have had a right to terminate her for general attendance reasons, she is still entitled to severance benefits because the termination should not have been for cause. Unfortunately, the Court cannot see that the failure to pay severance benefits in these circumstances suggests an ERISA § 510 claim. The material dispute at issue here is whether the absences for which Defendant terminated Plaintiff

---

[1] Plaintiff is not in a position to argue that her termination was wrongful under the union contract. She has already made that argument unsuccessfully. On her behalf, the Union argued that Defendant had no grounds for termination. After losing the initial grievance and initial appeal, the Union declined to pursue the matter to arbitration.

were excused or unexcused.  In the former case, Plaintiff would be entitled to severance benefits.  In neither case does she have a § 510 claim.

As the Court explained in its Memorandum and Order, Plaintiff probably cannot make out a *prima facie* case.  Regardless, Defendant asserts that the reason for Plaintiff's termination was her poor attendance record.  None of the evidence suggests that the real reason Defendant terminated Plaintiff was to avoid paying benefits.  In these circumstances, Plaintiff should make a regular ERISA claim for the unpaid severance benefits.  In the event of an adverse decision Plaintiff would have to appeal to this Court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to set aside the Court's prior Memorandum and Order are DENIED.

cc:     Counsel of Record